## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter "Release") is made and entered into by and between LINDA D.H. COLVIN ("Employee" "or "Plaintiff"), and AARON'S CATERING OF WELLINGTON, LLC d/b/a AARON'S CATERING OF THE PALM BEACHES, d/b/a INTERNATIONAL POLO CLUB CATERING and AARON MENITOFF, JULIE LARSON MENITOFF, and RITA MENITOFF, an individual, ("Employer" or " Defendants"). Employee was previously employed by Employer. Employee has sued Defendants in the Southern District of Florida in a case styled Linda D.H. Colvin v. Aaron's Catering of Wellington, LLC, a Florida limited liability Company, d/b/a Aaron's Catering of the Palm Beaches, d/b/a International Polo Club Catering and Aaron Menitoff, an individual, Julie Larson Menitoff, an individual and Rita Menitoff, an individual, Case No. 15-cv-81658-ROSENBERG/Brannon (the "Lawsuit"). The parties desire to amicably resolve their legal disputes. Accordingly, in consideration of the mutual promises set forth below, Employer and Employee agree as follows:

1. Employer will provide Employee with a sum of money specified below in return for Employee's execution of this release, which is intended to fully and finally resolve any and all matters between Employer and Employee, whether actual or potential, on terms that are mutually agreeable.

2. By entering into this Release, Employer does not admit any underlying liability to Employee. Neither Employer nor Employee is entering this Release because of any wrongful acts of any kind.

3. Employee promises and obligates herself to perform the following covenants under this Release:

    a.) Acting for herself, her heirs, personal representatives, administrators and anyone claiming by or through her, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any and all claims, whether known or unknown, that Employee may have against Employer or its Releasees as of the date of this Release, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees.

        i) The phrases "Employer" or "Employer and its Releasees" shall mean Employer and its past and present directors, officers, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

        ii) The term "claims" shall include lawsuits, causes of action, obligations,

Employee Initials: _Ldhc_     Page 1 of 10     Employer Initials: _RM_

promises, agreements, controversies, damages, debts, demands, liabilities, and losses of every kind (including third-party claims for indemnity or contribution against Employer or its Releasees). This Release specifically releases Employer and its Releasees from any and all obligations, duties, claims or torts arising out of Employee's employment with Employer, including, but not limited to, claims arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq., as amended), the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq., as amended), the Family Medical Leave Act of 1993 (29 U.S.C. § 2601, et seq., as amended), the Fair Labor Standards Act of 1938 (29 U.S.C. 201 et seq., as amended), the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq., as amended), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq., as amended), the continuation coverage provisions of the Omnibus Budget Reconciliation Act of 1986 (29 U.S.C. § 623 et seq., as amended), the Florida Civil Rights Act of 1992 (§ 760.01 et seq., Florida Statutes, as amended), §440.205 of the Florida Statutes, §§ 448.101-105 of the Florida Statutes, or any other state or federal laws dealing with discrimination, retaliation, or workplace rights, as well as claims for unpaid wages, unpaid commissions, breach of contract, interference with contractual relationship, wrongful termination, retaliation, intentional infliction of emotional distress, negligence, negligent hiring, negligent retention, wrongful discharge in violation of public policy, invasion of privacy, defamation, slander, assault, battery, fraud, or any other obligations, duties, claims or torts arising out of the employment relationship. The term "Claims" shall include injuries or damage of any nature, regardless of whether such injuries or damage arise from accident, illness, occupational disease, negligence, intentional act, or some other origin. The term "Claims" specifically includes third-party claims for indemnity or contribution against Employer or its Releasees. The term "Claims" shall be construed to include any and all Claims meeting the definitions in this subparagraph without regard to whether those Claims are asserted or unasserted, known or unknown, ripe or unripe, direct or indirect, conditional or unconditional. The term "Claims" includes not only claims for damages and other legal remedies but also claims for injunctive relief, any other equitable remedies, interference with advantageous business relations, assault, battery, or negligence, or any claim arising under criminal law for which civil damages are available.

b.) Employee waives and disclaims any right to any compensation that may be recovered at any time after the execution of this Release as a result of any proceeding arising out of or related to the employment relationship that is brought under the jurisdiction

Employee Initials: /dhc    Page 2 of 10    Employer Initials: RM

or authority of the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations, the U.S Department of Labor, the Palm Beach County Office of Equal Opportunity, or any other local, state, or federal court or agency. If any such agency or court assumes jurisdiction of or files any complaint, charge, or proceeding against Employer or its Releasees on Employee's behalf, Employee will request such agency or court to dismiss or withdraw from the matter.

c.) ~~The Parties agree that they will preserve the confidentiality of this Release and not discuss or disclose its existence, substance, or contents to anyone other than their attorney, accountant, or tax advisors, except as compelled or authorized by law. If the Parties disclose the existence, substance, or contents of this Release to any of the persons or entities permitted by this Release, the Parties shall require such person or entity as a condition of such disclosure to keep the matters disclosed by the Parties to such person or entity confidential, and shall take all reasonably feasible steps to ensure that such person or entity complies with this condition.~~ 

d.) The Parties agree that they will not disparage Employer or Employee in any manner whatsoever to any person or entity. Notwithstanding this provision, in the event that Employee is served with a lawful subpoena, Employee may provide truthful information within the scope of the subpoena without violating this Release. The Parties further agree that they will not: (a) undertake any harassing conduct directed at the other party; (b) that they will not induce, incite, nor encourage others in making harassing or disparaging statements against the other party; (c) that they will not induce, incite, nor encourage others in pursing claims of any nature against the other party; and (d) that they will not make any statements or engage in conduct which may harm, denigrate or diminish the other party's reputation in the community, in their respective industries, or with their respective clients, customers or vendors.

e.) Employee shall cooperate with the filing of a dismissal of the court action and seeking the court's approval with settlement. Employee recognizes these are conditions precedent to the payment of any settlement monies.

f.) Employee shall comply with all other terms of this Release as provided for herein.

4. Employer promises and obligates itself to perform the following additional covenants under this Release:

a.) Employer shall pay within ten (10) days of the court's approval of the settlement agreement three (3) checks as follows:
i) One check payable to LINDA D.H. COLVIN for back overtime wages in the amount of **$6,250.00**, less applicable deductions and withholdings for which

Employee Initials: /s/   Page 3 of 10   Employer Initials: /s/

        Defendants shall issue a W2;

  ii) One check payable to LINDA D.H. COLVIN in the amount of **$18,586.27** without withholdings for which Defendants shall issue a 1099. This amount represents liquidated damages in the amount of **$6,250.00** and consideration in the amount of **$12,336.27** for the general release of retaliation and all other matters; and

  iii) One check payable to (Plaintiff's law firm: The Law Office of Lowell J. Kuvin, LLC tax ID 26-2743494 for attorneys fees and costs in the amount **$15,163.73** payable by W-9.

The sums described above shall be paid to the Employee upon expiration of the seven day revocation period.

b.) Employer agrees that if it is contacted by a potential employer of Employee in the future, it will confirm only the position held by Employee and the dates of Employee's employment. Employer shall not provide any further information regarding Employee's employment, Employee's prior business relationship with Employer or any other matter.

c.) Employer shall comply with all other terms of this Release as provided for herein.

d.) Employer agrees to fully release Employee from any and all loan obligations.

e.) Employer unconditionally and irrevocably releases, acquits and discharges Employee from any and all claims, whether known or unknown, that Employer may have against Employee as of the date of this Release, or that any person or entity claiming through Employer may have or claim to have against Employee. The term "claim" shall have the same meaning as the term is used in Section 3(a)(ii) of this agreement.

5. Except as specifically provided herein, any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the parties with respect to the subject matter hereof.

6. This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

Employee Initials: _[initials]_       Page 4 of 10      Employer Initials: _[initials]_

EXHIBIT A

7. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state or federal court of competent jurisdiction located in Palm Beach County, Florida, and the state and federal courts located in Palm Beach County, Florida shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release. Moreover, the Joint Confidentiality Agreement entered into by the Parties and their counsel shall continue in full force and effect.

8. At the conclusion of any litigation or dispute arising out of or related to this Release and/or the Joint Confidentiality Agreement, the prevailing party shall be entitled to recover (in addition to any damages awarded) the costs and fees (including attorney's fees, paralegal fees, and expert fees) reasonably incurred in connection with the litigation or dispute. In the event that the provisions of this Release and/or the Joint Confidentiality Agreement are breached, the non-breaching party may seek damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release and/or the Joint Confidentiality Agreement.

9. Employee further represents that she will honor the confidentiality of all Aaron's Catering's confidential business information including their financial data, payroll and personnel information along with other company information that Employee had access to during her employment. Employee also agrees to return all property belonging to Aaron's Catering including: Any AP, AR, IPC, government (IRS) related documents. Employee/labor files including payroll tax documents/information, Quickbooks files-paper and electronic. Event files documents- electronic and paper.

10. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

11. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

12. The parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

13. **OWBPA Compliance.** Employee has been advised, pursuant to the Older Workers Benefit

Employee Initials: _____    Page 5 of 10    Employer Initials: _____

Protective Act ("OWBPA"), that by signing this release she is specifically waiving any claims she might have which have accrued prior to the execution date of this release under the Age Discrimination in Employment Act of 1967 ("ADEA"). Employee acknowledges, represents and agrees that this release shall result in a waiver and release of any rights she has under the ADEA up through and including the date of this Agreement, and Employee acknowledges, represents and agrees that she understands her rights under the OWBPA, including but not limited to, the right to consider this release for a period of twenty-one (21) days after receipt of the release and (7) days to revoke this Agreement after signing it. Employee acknowledges that by releasing any such claims under the ADEA, in addition to the other claims set forth in this Agreement, that employee so releases and waives these claims in exchange for the valuable consideration referred to above.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

PLEASE READ CAREFULLY. THIS GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

_[signature: Linda D.H. Colvin]_
LINDA D.H. COLVIN

Date: 7/8/2016

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this 18 day of July, 2016, by Linda DH. Colvin

_[notary seal: Jacqueline Allen, Commission Expires August 23, 2017, #FF040950]_

NOTARY STAMP
Commission No.: FF040950

_[signature]_
Signature of Notary Public

Jacqueline Allen
(Print Notary Name)
My Commission Expires: 8/23/17

☑ Personally known, or
☐ Produced Identification
Type of Identification Produced

Employee Initials: _LDHC_     Page 6 of 10     Employer Initials: _RM_

EXHIBIT A

_____
**AARON'S CATERING OF WELLINGTON, LLC
d/b/a INTERNATIONAL POLO CLUB CATERING**

Date:___/___2016

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me this ____ day of _____,

2016, by _____.

                                                  _____
                                                  Signature of Notary Public

                                                  _____
                                                  (Print Notary Name)
                                                  My Commission Expires:_____

AFFIX NOTARY STAMP
Commission No.:_____

                                                  ☐ Personally known, or
                                                  ☐ Produced Identification
                                                  Type of Identification Produced

Employee Initials: _____        Page 7 of 10        Employer Initials: _____

_____
**AARON MENITOFF**

Date: __/__ 2016

STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of _____,

2016, by _____.

                                        _____
                                        Signature of Notary Public

                                        _____
                                        (Print Notary Name)
AFFIX NOTARY STAMP                   My Commission Expires:_____
Commission No.:_____

                                        ☐ Personally known, or
                                        ☐ Produced Identification
                                        Type of Identification Produced

EXHIBIT A

_____
JULIE LARSON MENITOFF

Date:___/___2016

STATE OF FLORIDA
COUNTY OF _____

      The foregoing instrument was acknowledged before me this ____ day of _____,
2016, by _____.

                              _____
                              Signature of Notary Public

                              _____
                              (Print Notary Name)
AFFIX NOTARY STAMP            My Commission Expires:_____
Commission No.:_____

                              ☐ Personally known, or
                              ☐ Produced Identification
                              Type of Identification Produced

_____
**RITA MENITOFF**

Date: 7/22/2016

STATE OF ~~FLORIDA~~ Massachusetts
COUNTY OF Berkshire

The foregoing instrument was acknowledged before me this 22 day of July, 2016, by Rita Menitoff.

_____
Signature of Notary Public

Brenda Young
(Print Notary Name)
My Commission Expires: 4/20/23

AFFIX NOTARY STAMP
Commission No.: NA

☐ Personally known, or
☒ Produced Identification
Type of Identification Produced FL DL

> BRENDA YOUNG
> Notary Public
> COMMONWEALTH OF MASSACHUSETTS
> My Commission Expires
> April 20, 2023

Employee Initials: _____   Page 10 of 10   Employer Initials: RM

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE (hereinafter "Release") is made and entered into by and between LINDA D.H. COLVIN ("Employee" or "Plaintiff"), and AARON'S CATERING OF WELLINGTON, LLC d/b/a AARON'S CATERING OF THE PALM BEACHES, d/b/a INTERNATIONAL POLO CLUB CATERING and AARON MENITOFF, JULIE LARSON MENITOFF, and RITA MENITOFF, an individual, ("Employer" or "Defendants"). Employee was previously employed by Employer. Employee has sued Defendants in the Southern District of Florida in a case styled Linda D.H. Colvin v. Aaron's Catering of Wellington, LLC, a Florida limited liability Company, d/b/a Aaron's Catering of the Palm Beaches, d/b/a International Polo Club Catering and Aaron Menitoff, an individual, Julie Larson Menitoff, an individual and Rita Menitoff, an individual, Case No. 15-cv-81658-ROSENBERG/Brannon (the "Lawsuit"). The parties desire to amicably resolve their legal disputes. Accordingly, in consideration of the mutual promises set forth below, Employer and Employee agree as follows:

1. Employer will provide Employee with a sum of money specified below in return for Employee's execution of this release, which is intended to fully and finally resolve any and all matters between Employer and Employee, whether actual or potential, on terms that are mutually agreeable.

2. By entering into this Release, Employer does not admit any underlying liability to Employee. Neither Employer nor Employee is entering this Release because of any wrongful acts of any kind.

3. Employee promises and obligates herself to perform the following covenants under this Release:

   a.) Acting for herself, her heirs, personal representatives, administrators and anyone claiming by or through her, Employee unconditionally and irrevocably releases, acquits and discharges Employer and its Releasees from any and all claims, whether known or unknown, that Employee may have against Employer or its Releasees as of the date of this Release, or that any person or entity claiming through Employee may have or claim to have against Employer or its Releasees.

      i) The phrases "Employer" or "Employer and its Releasees" shall mean Employer and its past and present directors, officers, joint venture partners, managing partners, shareholders, supervisors, employees, representatives, successors, assigns, subsidiaries, affiliates, parents, and insurers.

      ii) The term "claims" shall include lawsuits, causes of action, obligations,

Employee Initials: _LDHC_     Page 1 of 10     Employer Initials: _AM_

EXHIBIT A

promises, agreements, controversies, damages, debts, demands, liabilities, and losses of every kind (including third-party claims for indemnity or contribution against Employer or its Releasees). This Release specifically releases Employer and its Releasees from any and all obligations, duties, claims or torts arising out of Employee's employment with Employer, including, but not limited to, claims arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq., as amended), the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq., as amended), the Family Medical Leave Act of 1993 (29 U.S.C. § 2601, et seq., as amended), the Fair Labor Standards Act of 1938 (29 U.S.C. 201 et seq., as amended), the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq., as amended), 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621 et seq., as amended), the continuation coverage provisions of the Omnibus Budget Reconciliation Act of 1986 (29 U.S.C. § 623 et seq., as amended), the Florida Civil Rights Act of 1992 (§ 760.01 et seq., Florida Statutes, as amended), §440.205 of the Florida Statutes, §§ 448.101-105 of the Florida Statutes, or any other state or federal laws dealing with discrimination, retaliation, or workplace rights, as well as claims for unpaid wages, unpaid commissions, breach of contract, interference with contractual relationship, wrongful termination, retaliation, intentional infliction of emotional distress, negligence, negligent hiring, negligent retention, wrongful discharge in violation of public policy, invasion of privacy, defamation, slander, assault, battery, fraud, or any other obligations, duties, claims or torts arising out of the employment relationship. The term "Claims" shall include injuries or damage of any nature, regardless of whether such injuries or damage arise from accident, illness, occupational disease, negligence, intentional act, or some other origin. The term "Claims" specifically includes third-party claims for indemnity or contribution against Employer or its Releasees. The term "Claims" shall be construed to include any and all Claims meeting the definitions in this subparagraph without regard to whether those Claims are asserted or unasserted, known or unknown, ripe or unripe, direct or indirect, conditional or unconditional. The term "Claims" includes not only claims for damages and other legal remedies but also claims for injunctive relief, any other equitable remedies, interference with advantageous business relations, assault, battery, or negligence, or any claim arising under criminal law for which civil damages are available.

b.)  Employee waives and disclaims any right to any compensation that may be recovered at any time after the execution of this Release as a result of any proceeding arising out of or related to the employment relationship that is brought under the jurisdiction

Employee Initials: _____   Page 2 of 10   Employer Initials: _____

EXHIBIT A

or authority of the Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Relations, the U.S Department of Labor, the Palm Beach County Office of Equal Opportunity, or any other local, state, or federal court or agency. If any such agency or court assumes jurisdiction of or files any complaint, charge, or proceeding against Employer or its Releasees on Employee's behalf, Employee will request such agency or court to dismiss or withdraw from the matter.

c.) ~~The Parties agree that they will preserve the confidentiality of this Release and not discuss or disclose its existence, substance, or contents to anyone other than their attorney, accountant, or tax advisor, except as compelled or authorized by law. If the Parties disclose the existence, substance, or contents of this Release to any of the persons or entities permitted by this Release, the Parties shall require such person or entity as a condition of such disclosure to keep the matters disclosed by the Parties to such person or entity confidential, and shall take all reasonably feasible steps to ensure that such person or entity complies with this condition.~~

d.) The Parties agree that they will not disparage Employer or Employee in any manner whatsoever to any person or entity. Notwithstanding this provision, in the event that Employee is served with a lawful subpoena, Employee may provide truthful information within the scope of the subpoena without violating this Release. The Parties further agree that they will not (a) undertake any harassing conduct directed at the other party; (b) that they will not induce, incite, nor encourage others in making harassing or disparaging statements against the other party; (c) that they will not induce, incite, nor encourage others in pursing claims of any nature against the other party; and (d) that they will not make any statements or engage in conduct which may harm, denigrate or diminish the other party's reputation in the community, in their respective industries or with their respective clients, customers or vendors.

e.) Employee shall cooperate with the filing of a dismissal of the court action and seeking the court's approval with settlement. Employee recognizes these are conditions precedent to the payment of any settlement monies.

f.) Employee shall comply with all other terms of this Release as provided for herein.

4. Employer promises and obligates itself to perform the following additional covenants under this Release:

a.) Employer shall pay within ten (10) days of the court's approval of the settlement agreement three (3) checks as follows:
  (i) One check payable to LINDA D.H. COLVIN for back overtime wages in the amount of $6,250.00, less applicable deductions and withholdings for which

Employee initials: _____   Page 5 of 10   Employer Initials: _____

EXHIBIT A

        Defendants shall issue a W2;

    ii)    One check payable to LINDA D.H. COLVIN in the amount of **$18,586.27** without withholdings for which Defendants shall issue a 1099. This amount represents liquidated damages in the amount of **$6,250.00** and consideration in the amount of **$12,336.27** for the general release of retaliation and all other matters; and

    iii)    One check payable to (Plaintiff's law firm: The Law Office of Lowell J. Kuvin, LLC tax ID 26-2743494 for attorneys fees and costs in the amount **$15,163.73** payable by W-9.

    The sums described above shall be paid to the Employee upon expiration of the seven day revocation period.

  b.)    Employer agrees that if it is contacted by a potential employer of Employee in the future, it will confirm only the position held by Employee and the dates of Employee's employment. Employer shall not provide any further information regarding Employee's employment, Employee's prior business relationship with Employer or any other matter.

  c.)    Employer shall comply with all other terms of this Release as provided for herein.

  d.)    Employer agrees to fully release Employee from any and all loan obligations.

  e.)    Employer unconditionally and irrevocably releases, acquits and discharges Employee from any and all claims, whether known or unknown, that Employer may have against Employee as of the date of this Release, or that any person or entity claiming through Employer may have or claim to have against Employee. The term "claim" shall have the same meaning as the term is used in Section 3(a)(ii) of this agreement.

5.    Except as specifically provided herein, any and all prior understandings or agreements between Employee and Employer with respect to the subject matter of this Release are superseded by this Release, which fully and completely expresses the entire agreement and understanding of the parties with respect to the subject matter hereof.

6.    This Release shall not be orally amended, modified, or changed. No change, amendment, or modification to the terms of this Release shall be valid unless such change, amendment, or modification is memorialized in a written agreement between the parties that has been signed by Employee and by duly authorized officers or representatives of Employer and that specifically references both this Release and the provisions herein that are to be amended, modified, or changed.

Employee Initials: _ldhc_    Page 4 of 10    Employer Initials: _AW_

7. In the event of a breach of this Release by either party, the other party shall be entitled to seek enforcement of this Release before a state or federal court of competent jurisdiction located in Palm Beach County, Florida, and the state and federal courts located in Palm Beach County, Florida shall be deemed to have exclusive jurisdiction and venue over any litigation related to or arising from this Release. This Release shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release. Moreover, the Joint Confidentiality Agreement entered into by the Parties and their counsel shall continue in full force and effect.

8. At the conclusion of any litigation or dispute arising out of or related to this Release and/or the Joint Confidentiality Agreement, the prevailing party shall be entitled to recover (in addition to any damages awarded) the costs and fees (including attorney's fees, paralegal fees, and expert fees) reasonably incurred in connection with the litigation or dispute. In the event that the provisions of this Release and/or the Joint Confidentiality Agreement are breached, the non-breaching party may seek damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release and/or the Joint Confidentiality Agreement.

9. Employee further represents that she will honor the confidentiality of all Aaron's Catering's confidential business information including their financial data, payroll and personnel information along with other company information that Employee had access to during her employment. Employee also agrees to return all property belonging to Aaron's Catering including: Any AP, AR, IPC, government (IRS) related documents. Employee/labor files including payroll tax documents/information, Quickbooks files-paper and electronic. Event files documents- electronic and paper.

10. The language of all parts of this Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Release, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

11. Should any provision of this Release be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision which is determined to be illegal or invalid shall be deemed not to be a part of this Release.

12. The parties agree that a true copy of this Release may be used in any legal proceeding in place of the original and that any such true copy shall have the same effect as the original.

13. **OWBPA Compliance.** Employee has been advised, pursuant to the Older Workers Benefit

Employee Initials: _lllc_    Page 5 of 10    Employer Initials: _AM_

Protective Act ("OWBPA"), that by signing this release she is specifically waiving any claims she might have which have accrued prior to the execution date of this release under the Age Discrimination in Employment Act of 1967 ("ADEA"). Employee acknowledges, represents and agrees that this release shall result in a waiver and release of any rights she has under the ADEA up through and including the date of this Agreement, and Employee acknowledges, represents and agrees that she understands her rights under the OWBPA, including but not limited to, the right to consider this release for a period of twenty-one (21) days after receipt of the release and (7) days to revoke this Agreement after signing it. Employee acknowledges that by releasing any such claims under the ADEA, in addition to the other claims set forth in this Agreement, that employee so releases and waives these claims in exchange for the valuable consideration referred to above.

BY YOUR SIGNATURE, YOU AGREE TO THE TERMS SET FORTH ABOVE.

PLEASE READ CAREFULLY. THIS GENERAL RELEASE INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

_____
LINDA D.H. COLVIN

Date: 7 / 8 /2016

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me this 18 day of July, 2016, by Linda DH. Colvin.

_____
Signature of Notary Public

Jacqueline Allen
(Print Notary Name)
My Commission Expires: 8/23/17

NOTARY STAMP
Commission No.: FF040950

☒ Personally known, or
☐ Produced Identification
Type of Identification Produced

Employee Initials: LDHC     Page 6 of 10     Employer Initials: AN

EXHIBIT A

_____
**RITA MENITOFF**

Date:___/___2016

STATE OF FLORIDA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of _____,
2016, by _____.

                                               _____
                                               Signature of Notary Public

                                               _____
                                               (Print Notary Name)
AFFIX NOTARY STAMP                 My Commission Expires:_____
Commission No.:_____

                                               ☐ Personally known, or
                                             ☐ Produced Identification
                                             Type of Identification Produced

Employee Initials: _/s/_         Page 10 of 10       Employer Initials: _AM_

EXHIBIT A

_(signature)_
AARON MENITOFF

Date: 7 / 25 2016

STATE OF FLORIDA
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this 25th day of July, 2016, by Aaron Menitoff

_(signature)_
Signature of Notary Public

Perla Vigo
(Print Notary Name)
My Commission Expires: _____

[Notary Stamp:
PERLA VIGO
Notary Public, State of Florida
Commission# FF 219669
My comm. expires April 12, 2019]

AFFIX NOTARY STAMP
Commission No.: _____

☐ Personally known, or
☑ Produced Identification
Type of Identification Produced   FLDL

Employee Initials: _____    Page 8 of 10    Employer Initials: AM

EXHIBIT A

*[signature]*

**AARON'S CATERING OF WELLINGTON, LLC**
**d/b/a INTERNATIONAL POLO CLUB CATERING**

Date: 7 /25 2016

STATE OF FLORIDA
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this 25th day of July, 2016, by Aaron W. Menitoff

_____
Signature of Notary Public

Perla Vigo
(Print Notary Name)
My Commission Expires: _____

[Notary Stamp: PERLA VIGO, Notary Public, State of Florida, Commission# FF 219669, My comm. expires April 12, 2019]

AFFIX NOTARY STAMP
Commission No.: _____

☐ Personally known, or
☒ Produced Identification
Type of Identification Produced  FLDL

Employee Initials: *[initials]*     Page 7 of 10     Employer Initials: *[initials]*

*[Signature]*
JULIE LARSON MENITOFF
Date: 7 / 25 2016

STATE OF FLORIDA
COUNTY OF Palm Beach

The foregoing instrument was acknowledged before me this 25th day of July, 2016, by Julie Larson

PERLA VIGO
Notary Public, State of Florida
Commission# FF 219669
My comm. expires April 12, 2019

Signature of Notary Public *[Signature]*
Perla Vigo
(Print Notary Name)
My Commission Expires: _____

AFFIX NOTARY STAMP
Commission No.: _____

☐ Personally known, or
☑ Produced Identification
Type of Identification Produced  FLDL

Employee Initials: _ldhc_    Page 9 of 10    Employer Initials: _AM_

EXHIBIT A